BUERHAUS, ADMR., *v.* ADAMS ET AL.

**348**

*Messrs. Tannehill, Weber & Weber,* for plaintiff.
*Messrs. Graham & Graham,* for defendants.

SHERICK, J. This is an appeal action and is before this court upon the merits, and at the same time upon a motion to dissolve a permanent injunction granted by the court of common pleas of Muskingum county.

On the 11th day of June, 1928, one Minnie Adams died testate, possessed of an estate consisting of real estate and personal property. Her will was duly admitted to probate on the 16th day of June, 1928, and E. F. O'Neal was duly appointed and qualified as the executor of said estate on the 21st day of June, 1928. The will of the testatrix provided, among other things, that the executor was empowered and directed to reduce her estate into money.

It appears that the executor at once attempted to sell and dispose of the property of the estate. On November 9, 1928, and July 31, 1929, the executor caused sale of the property to be duly advertised, but a sale thereof failed. On the 28th day of October, 1929, the executor died, after having administered the estate over a period of about fourteen months.

Thereafter, on the 19th day of December, 1929, Henry A. Buerhaus was duly appointed as admin-

istrator *de bonis non,* with the will annexed, of the estate, and duly qualified, and notice of his appointment was given. On the 5th day of February, 1930, the administrator filed his petition in the probate court of Muskingum county for authority to sell and dispose of the assets of the estate, both real and personal. To this action the appellant, Seth Adams, was made a party, along with others interested, and about the 11th day of February, 1930, all parties defendant in that proceeding in the probate court were duly served with summons and were before the court. It appears from the record that the appellant, Seth Adams, filed an answer therein setting up a certain judgment previously obtained by him in the court of common pleas of Muskingum county, the amount of the judgment being $5,659.38. Upon the issues made in that case the probate court ordered a sale of the premises, and that property is now being advertised for sale on the 2d day of April, 1930.

It is further disclosed that on the 26th day of February, 1930, the administrator made application and received an additional six months' extension of time in which to settle the estate. It also appears that valid claims against the estate have already been presented to the administrator in a sum of about $15,912.39, and in addition thereto that the costs of administration will be about $500. The claim or judgment of the appellant is included in the figure named, and in addition thereto it is made known that the appellant now has an action pending in the common pleas court against the administrator for services in the sum of $1,100.

The executor, O'Neal, caused the estate to be ap-

praised, as provided by law, and the total value thereof, both real and personal, was found to be about $31,000. And it is shown that the administrator, Buerhaus, caused the personal property of the estate to be appraised, and the total value thereof is shown to be $7,217.43. It is claimed that there is a shrinkage in the assets of the estate, which is only explained by the fact that certain personal property of the estate, that is, building material, was consumed by the executor in the building of certain residence properties.

The admitted facts show that in July, 1928, the appellant, Adams, sued O'Neal, the executor, on his claim, which had been rejected, and thereafter, on October 4, 1928, a verdict was secured by Adams against the executor in the sum of $5,659.38. A motion for a new trial was made by O'Neal, the executor, but before the same was passed upon he died. The motion was thereafter overruled. Eleven days after Buerhaus was appointed administrator, that is, on the 30th day of December, 1929, Buerhaus was substituted as a party defendant in that action and judgment was rendered against Buerhaus, as administrator, in favor of the appellant, Adams.

It then is shown that on the 11th day of February, 1930, after having been served with summons and after he had answered setting up his judgment in the land sale case in the probate court, the appellant, Adams, caused to be issued an execution upon his judgment, and a levy was made by the sheriff upon the personal property of the estate, which is the same property ordered by the probate court to be sold; that is, the personal property of the estate,

the sale whereof is duly advertised to occur on the 2d day of April, next.

On the 24th day of February, 1930, Buerhaus, as plaintiff, filed this action in the court of common pleas and therein and thereby seeks to restrain the appellant, Adams, as judgment debtor, and the sheriff, from selling the personal property as upon execution. A temporary restraining order was issued in that court, and thereafter, upon final hearing, which occurred on March 10, 1930, the injunction was made perpetual.

From this finding of the trial court appeal is taken to this court, and the only question now before us is whether or not Buerhaus, as administrator, is entitled to an injunction against the sale of this property by the judgment debtor in satisfaction of his judgment as upon execution. A motion is concurrently heard to dissolve the injunction by reason of the fact that a proper bond was not filed in the court of common pleas, but the whole matter can and will be determined upon the one question involved.

It is provided by Section 10753, General Code, what shall be done in the event of the death of an executor, and it is prescribed therein within what time the estate shall be settled by the executor's successor. We further note that the next section, that is 10754, prescribes a limitation to the suit of a creditor, and that this section is further limited by an exception, appearing in Section 10755, wherein it is provided that in all such cases the new administrator shall be liable to the action of a creditor for the space of one year after he gives bond for the discharge of his trust, although the whole time allowed to the creditor is extended beyond the period

prescribed. It will therefrom be seen that it is the policy of the law to give to the succeeding personal representative of an estate opportunity and time in which to fully settle and adjust the estate's affairs, and we note from another section that the probate court may extend that time, which was done in this instance.

It does not appear from the record that the appellant, Adams, ever made objection in the probate court as to the amount of time consumed by the executor, O'Neal, and by his silence, and by filing his answer in the land sale proceedings, setting up his judgment, he acquiesced in the extension of time; and it does not appear that such extension was to his damage.

We take it to be the rule that the effect of a judgment against the personal representative of an estate is simply to fix the amount due the creditor, and any judgment so obtained will thereafter be paid by the personal representative in the due course of administration.

Should the appellant be permitted to proceed with his sale on execution there can be no question that it would be against the best interests of the estate, and the result thereof would be to defeat the plain object and intention of the law as provided for the settlement of estates. There can be no doubt that the general creditors of the estate would be injured thereby, and it is likewise true that the estate's preferred creditors would also be injured. To countenance such a proceeding in this instance would place a premium upon excessive vigilance by a creditor, and thereby he might cause his claim to be preferred when not entitled to preferment. It is true that if

such could be done the costs and expenses of administering estates would be unwarrantedly increased, and such procedure would lead to a situation whereby the representative of the estate would be made impotent and unable to perform the duties imposed upon him by law, and make his administration of the estate's affairs unorderly and most confusing.

The appellant relies upon a particular section of the Code, Section 10736. That section reads:

"No execution shall issue upon a judgment against an executor or administrator, unless upon the order of the court which appointed him, or unless the twelve months allowed by law, or the further time allowed by the court for the collection of the assets of the estate, have expired. If an account has been rendered, and settled by the court, execution shall issue only for the sum that appeared, on the settlement of such account, to have been a just proportion of the assets applicable to the judgment."

Now it must be remembered that judgment was entered in the suit of the appellant, Adams, as against the executor, O'Neal, on the 30th day of December, 1929, but the judgment was not entered as against O'Neal, but was entered as against Buerhaus, the succeeding administrator. Recourse being had to this section we note that the statute says that no execution shall issue upon a judgment unless upon the order of the court, or unless the twelve months allowed by law have expired. It is plain that the statute says "judgment," not "verdict," and we hold the view that the statute itself upon which he relies must confound the appellant. He

has not issued his execution upon order of the probate court, nor has the year expired since the entering of the judgment; and, in view of the opinion of this court herein previously expressed, it is the finding of this court that the administrator *de bonis non* of this estate is entitled to the injunctive relief prayed for, and the injunction as against the sale by the appellant as upon execution is permanently enjoined, and judgment is rendered against the appellant for the costs of this action.

*Decree accordingly.*

LEMERT, P. J., and ROBERTS, J. (of the Seventh Appellate District), concur.